# CIRCUIT COURT OF BALTIMORE CITY.

Filed August 27, 1904.

SOUTHERN TRUST AND DEPOSIT COMPANY

VS.

EDWIN WARFIELD, GOVERNOR, ETC.

*Bernard Carter* and *Coe & Hammond* for plaintiff.

*Attorney-General Bryan* for defendants.

BAER, J.—

This is a bill for an injunction, to which a demurrer has been filed on behalf of the defendants.

The Act of 1892, Chapter 109, incorporated in the Code as Sections 85A et seq. of Article 23, in its preamble and its first section, recites that it is intended "to provide for the examination and report at stated times of trust, guaranty, loan and fidelity companies, now or hereafter doing business in this State, and also to regulate the conduct of business by and fix the liability of shareholders in said companies."

Section 85A provides that every safe deposit, trust, guaranty, loan and fidelity company incorporated under any law of this or any other State, receiving money on deposit, or assuming any obligations in this State, shall semiannually make a full report of its affairs in writing to the Treasurer of the State.

Section 85-B makes it the duty of said Treasurer, either personally or

by some competent person, to examine the affairs of every such corporation.

Sections 85B and 85C provide for the character of the examination and Section 85D provides for proceedings to be taken by the Attorney General in the event of a refusal or neglect to comply with the provisions of the preceding sections.

Section 85E then provides that "every such corporation shall, within six months from the passage of this Act, and from time to time thereafter, if need be, transfer and assign to the said treasurer" bonds 'of certain kinds named in the Act, "to the amount in value of fifteen per centum on the paid up capital stock of such corporation, and said amount shall be at all times maintained by said corporation, so that the amount of such stock, in the hands of said treasurer, shall at all times be equivalent, at its par value, to ten per centum of the paid up capital stock of such corporation, but not less, in any case, than thirty thousand dollars."

By the Act of 1900, Chapter 299, the complainant in this case was incorporated. Its corporate name is the "Southern Trust and Deposit Company," and its charter gives it authority to do a trust, guaranty, loan and fidelity business, and the 11th Section of the Act expressly provides that the company shall be subject to the provisions of the Act of 1892, Chapter 109.

The complainant has never made a deposit of bonds with the treasurer, in accordance with Section 85E. The bill alleges that the treasurer of the State claims that such deposit, to the value of $30,000, should be made by the complainant, but that the complainant is advised that it is not required to make such deposit, and that having informed the treasurer that it would not do so, the Attorney General, under the authority of the Governor, is about to institute proceedings for the forfeiture of the charter of the plaintiff because of its refusal.

The bill prays for an injunction, restraining the Governor and Attorney General from instituting such proceedings. The Governor and Attorney General have demurred to the bill, and the Court is informed by counsel that the question, which both parties desire shall be determined is, whether under its charter, the complainant is obliged to make the deposit of bonds required by Section 85E.

The bill sets up two grounds upon which, it is contended, that the complainant is not required to make the deposit.

The first is that, while the complainant, under its charter, is authorized to do a trust, guaranty, loan and fidelity business, in fact, the only business which "it now transacts, or since its incorporation has ever transacted, is the banking business, so far as that consists of receiving money on deposit and discounting promissory notes or other negotiable paper, and that it does not do, and never since its incorporation has done, the business of a Safe Deposit Company, nor of a Trust Company, nor of a Loan and Fidelity Company," and that "the plaintiff does not come within the provisions of said Section 85E."

This contention is based upon the words of the preamble and of the first section of the Act of 1892, Ch. 109, "to provide for the examination and report, at stated times, of trust, guaranty, loan and fidelity companies *now or hereafter doing business* in this State."

In the opinion of the Court this contention is not well founded. Section 85A of the Act of 1892 provides that "every safe deposit, trust, guaranty, loan and fidelity company, *incorporated* under the law of this or any other State, *receiving money on deposit, or assuming any obligations in this State*," shall report to the Treasurer.

The plaintiff is incorporated under the laws of this State as a trust, guaranty, loan and fidelity company, and the bill admits that it is "receiving money on deposit and assuming obligations in this State." By Section 85A, therefore, it is certainly required to report to the Treasurer and is subject to his examination under Section 85B as a corporation, "having an office or place of business in this State, required by this Act to report as aforesaid."

Section 85E then provides that *"every such corporation*, as aforesaid, shall within six months from the passage of this Act" make the deposit of bonds with the treasurer.

"Every such corporation" in this section must mean "every safe de-

posit, trust, guaranty, loan and fidelity company, incorporated under the laws of this or any other State, receiving money on deposit or assuming any obligations in this State," mentioned in Section 85A.

It seemed to be admitted in the argument that the plaintiff was bound to report under Section 85A, and that it was subject to examination under Section 85B, and if this is conceded, it follows that, under the language of Section 85E, "every such corporation as aforesaid," it is bound by the provisions of this section also.

The second contention on the part of the plaintiff is that by the second section of its charter, Act of 1900, Chapter 299, it is provided that its capital stock shall be $250,000, and that, "when the amount of $25,000 shall have been subscribed and fully paid in, the said corporation shall be entitled to begin the prosecution of any business under its charter," and that this exempts it from making with the treasurer a deposit of $30,000 in bonds, and that, at the most, if it is bound at all, it can only be required to deposit fifteen per centum of its paid up capital stock, the amount of which is $62,000.

By Section 11 of the Charter of the plaintiff it is expressly provided that the plaintiff shall be "subject at all times to the provisions of the Act of 1892, Chapter 109," and the question here raised is, is the provision, that the plaintiff "may begin the prosecution of any business when the amount of $25,000 shall have been subscribed and paid in," so directly in conflict with the provision of Section 85E, requiring that at least $30,000 in value of bonds shall be deposited, that the legislature, although it said that the plaintiff was to be "subject to the Act of 1892, Chapter 109," did not intend that it should be required to deposit $30,000 in bonds?

It does not seem to me that there is any such conflict as requires this question to be answered in the affirmative.

It was contended, on behalf of the plaintiff, that the provision as to the deposit of $30,000 of bonds was intended to apply only to corporations in existence when the Act of 1892 was passed. That Act, in its preamble and first section, refers to corporations "now or hereafter doing business in this State," and evidently was intended to apply to those to be thereafter created, but, in any event, the argument loses its force in this case, by reason of the fact that, by the express terms of the charter of the plaintiff it is made subject, without exception, to the provisions of the Act of 1892.

I take the words "shall be subject at all times to the provisions of the Act of 1892," to mean that the charter of the plaintiff is to be read as if the Act of 1892 is a part of it, and being so read, the charter provides that the plaintiff may begin the prosecution of any business when the amount of $25,-000 shall have been subscribed and paid in, and that, using the language of Section 85E, "it shall, within six months, deposit with the Treasurer fifteen per centum on its paid-up capital stock, but not less than $30,000."

If the complainant had been incorporated prior to the passage of the Act of 1892, and at the time of its passage was "doing business," that is, was "receiving money on deposit or assuming obligations in this State," it would certainly have been subject to the provisions of Section 85E of the Act. The provision that at least thirty thousand dollars shall be deposited was evidently intended to apply to companies upon whose paid-up capital stock fifteen per cent. would not amount to that sum.

I can see no difference between that case and the one here presented, where the charter is obtained after the passage of the Act, and the corporation is expressly made subject to its provisions. The corporations that were in existence before the Act was passed were thereby given six months from the date of its passage within which to make the deposit. It seems to me to be a reasonable construction of the charter of the complainant, in view of the fact that it is expressly made subject to the Act; that while it is authorized to "begin business" when ten per cent. of its capital stock has been paid in, it must within six months from the time it "receives money on deposit or incurs obligations in this State," deposit with the Treasurer of the State "fifteen per centum of its paid-up capital stock, but not less than thirty thousand dollars."

I will sign a decree sustaining the demurrer.